**TELEVISION BROADCASTERS, INC.,**
Petitioner,

v.

**NATIONAL LABOR RELATIONS
BOARD, Respondent.**

No. 22783.

United States Court of Appeals
Fifth Circuit.

July 8, 1968.

Rehearing Denied Sept. 4, 1968.

E. H. Thornton, Houston, Tex., for petitioner.

Marcel Mallet-Prevost, Asst. Gen. Counsel, Glen M. Bendixsen, Atty., NLRB, Washington, D. C., for respondent.

Before JONES and DYER, Circuit Judges, and SPEARS, District Judge.

JONES, Circuit Judge:

Television Broadcasters, Inc., operates a television broadcasting station at Beaumont, Texas. Among its employees were several students at Lamar State College of Technology who worked part time. Among these part time student employees were Daniel Labbitt, Billy Barrett and Reginald Ferrell. They had been guilty of misconduct such as would have justified their discharge. Among their derelictions, Barrett and Labbitt phonied their time cards so as to show one or the other of them working when he was in fact away from the station for personal purposes. Ferrell, while asleep or daydreaming, missed several cues for telecasting commercials. Among his other shortcomings, he dismantled some broadcasting equipment about which he knew nothing and with which he had nothing to do. He attempted to excuse himself from "messing" with the equipment on the ground that he was bored. Ferrell's lack of job responsibility is indicated by a reference in his testimony to sleeping on duty as "an intangible thing." Expecting that they would or might be discharged, Labbitt, Barrett and Ferrell "formed a pact" among themselves and with others that if any one of them were fired the others would walk off their jobs. Labbitt and Barrett went to the Houston office of N.L.R.B. and there sought advice from an N.L.R.B. attorney who informed them

that they should join a union in order to be protected. They returned to Beaumont and, with others, became members of Local 479, International Brotherhood of Electrical Workers, AFL-CIO. This union represented the engineers at the station where the union climate had been good.

Barrett, Labbitt and Ferrell were discharged. Ferrell made admissions of his transgressions, promised reformation, and his discharge was changed to a thirty-day suspension which Ferrell then and thereafter admitted was fair. Before the suspension period was over, Ferrell was advised by an N.L.R.B. attorney not to return to work unless the Petitioner sent for him. This attorney was in the Petitioner's office on the final day of the suspension period. He was told by the Petitioner's General Manager that Ferrell was expected back to work the following day. For reasons which could hardly be valid but which are not disclosed and concerning which no inquiry was made, the N.L.R.B. attorney did not inform the Petitioner that he had told Ferrell not to return to work unless the Petitioner sent for him. The N.L.R.B. attorney did state to Ferrell that he had talked with the General Manager who "didn't seem objectionable" to Ferrell's returning to work. Ferrell complied with the "instructions", as he called them, of the N.L.R.B. and did not report for work at the end of the suspension period.

The Board ordered that the Petitioner cease and desist from interfering with or threatening employees for union or concerted activities, and that Labbitt, Barrett and Ferrell be offered reinstatement and be made whole for any loss of earnings. The Petitioner seeks to have the order vacated. The Board asks that it be enforced.

■ It is our conclusion that the Board's decision as to Ferrell cannot be sustained. There is nothing in the record that would warrant an inference that the Petitioner knew of any union or concerted activity by Ferrell. He was suspended for his admitted misconduct and did not return to his employment when the suspension terminated. The result flowing from his following the poor advice given him by a Board employee should not be visited upon his former employer.

There is, in the record, substantial evidence, in the form of testimony credited by the Board, which supports the Board's determination concerning the discharges of Labbitt and Barrett. This being so, the Board's order as to them will be enforced. However, it may be that the Board's order requires modification. These student employees would not be entitled to loss of earnings for any period beyond the time they were students or would have been students if they had not been discharged. They were not permanent employees and are not entitled to benefits as permanent employees. The provision as to reinstatement of such, if either, of the discharged employees who may be in the Armed Forces should be conditioned upon their return to their status as students.

■ There is no basis shown for the "cease and desist" provisions of the order. The relationship between the Petitioner's management and the union had been good. No anti-union bias was apparent. Petitioner's management became indignant, righteously so it believed, when two of its employees were guided by an employee of the Board to the protective umbrella of union membership in an effort to avoid deserved discharges. The Board holds, and we must sustain it, that the two discharges were improper. This does not require that the Petitioner be put under a cease and desist order.

The order, and the notice to be posted, will be modified in accordance with this opinion. As modified, the order will be enforced. See National Labor Relations Board v. O. A. Fuller Super Markets, Inc., 5th Cir. 1968, 374 F.2d 197.

Modified and enforced.